# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SHIQUITA LEVY,

    Plaintiff,

  v.         Case No. 24-CV-1667

WALMART, INC., et al.,

    Defendants.

---

## DECISION AND ORDER

---

The defendants removed this action on December 27, 2024, and filed their joint disclosure statement on January 10, 2025. The court subsequently noted that the defendants' disclosure statement did not comply with Fed. R. Civ. P. 7.1(a)(2) and ordered the defendants to submit an amended disclosures statement within seven days. (ECF No. 33.) Eight days later defense counsel submitted a letter stating, "I have reached out to the Clerk's Office to determine the specific amendment you are seeking relative to defendants' Rule 7.1 Disclosure Statement. I will file it once I am able to confirm and correct the issue." (ECF No. 36.)

A Deputy Clerk responded to defense counsel's inquiry but defense counsel has taken no further action.

The present action was removed to federal court on the basis of diversity. (ECF No. 1, ¶ 5.)

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

In other words, when the court's jurisdiction is based on diversity, the party's disclosure statement must contain all the information necessary to identify the citizenship of the party.

Often, determining the citizenship of a party is simple. Every law student is taught that the citizenship of a person is determined by that person's domicile, *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002), and that a corporation is a citizen of both the state where it is incorporated and the state it has its principal place of business, 28 U.S.C. § 1332(c)(1). But determining the citizenship of other artificial entities such as trusts or limited liability companies (LLC) can be more complicated. That is where the provision of the Rule requiring disclosure of "every individual or entity whose citizenship is attributed to that party or intervenor" comes into play.

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *see also Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) ("Unincorporated enterprises are analogized to partnerships,

which take the citizenship of every general and limited partner."). Thus, the first step is to identify each member of the LLC. Then, counsel must identify the citizenship of each member. This is where things can get complicated. A member of an LLC might be another LLC (or similar artificial entity). In that case, counsel must keep drilling down through all layers of corporate structure until counsel reaches a natural person or a corporation. *See Thomas*, 487 F.3d at 534 ("Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Trusts pose their own set of problems vis-à-vis Rule 7.1 and diversity jurisdiction. A traditional trust is not a legal entity, and so trustees must sue in their own names. *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018). Thus, the citizenship of a traditional trust is that of the trustee who is the party to the action. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980)).

A business trust, however, is more like an LLC or other artificial entity when it can sue and be sued in its own name. A business trust has the citizenship of its members or shareholders or partners (or whatever comparable term the relevant state law uses for those who have an interest in the business trust). *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 384 (2016).

For example, Defendant, LLC might have two members: John Smith and Parent, LLC. Determining the citizenship of John Smith is simple; it is his domicile.

John Smith is domiciled in Wisconsin and therefore is a citizen of Wisconsin. So, we know that Defendant, LLC is a citizen of at least Wisconsin. But then it is necessary to look at Parent, LLC. Just like with Defendant, LLC, it is necessary to look at Parent, LLC's members. Parent, LLC has two members: Holding, Inc. and Investor, Inc. To determine the citizenship of a corporation it is necessary to identify both where the corporation is incorporated and where it has its principal place of business. Holding, Inc., is incorporated in Delaware and has its principal place of business in Texas. Investor, Inc. is incorporated in Florida and has its principal place of business in Illinois. All this information would have to be included in Defendant, LLC's disclosure statement. Ultimately, under this example, the disclosure statement would reveal that Defendant, LLC is a citizen of Wisconsin, Delaware, Texas, Florida, and Illinois.

In the scope of federal litigation, this example is fairly straightforward. Add in a trust or two or a few more layers of ownership and disclosure statements can get quite complicated. But this burden is required to ensure that courts heed to the jurisdictional limits posed by 28 U.S.C. § 1332 and Section 2 of Article III of the Constitution.

It is no longer sufficient that the information necessary for determining citizenship (and thus jurisdiction) can be found elsewhere in the record. Following the 2022 amendment to Fed. R. Civ. P. 7.1, this information must now be included in the disclosure statement. Moreover, the disclosure statement must be precise. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). It is often not enough

for counsel to simply declare a bottom-line conclusion that an entity is a citizen of a particular state; counsel must "show their work" in how they arrived at that answer.

**IT IS THEREFORE ORDERED** that within **seven days** of this order the defendants shall submit an amended disclosure statement that fully complies with Fed. R. Civ. P. 7.1. Failure to fully comply with this order may result in the court imposing sanctions.

Dated at Green Bay, Wisconsin this 24th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge